UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SALEEBAN MAXAMETH CALI,
Georgia Department
of Corrections # 1000439372,
        Plaintiff,

v.                                                    Case No.: 1:25cv349/MW/ZCB

DEKALB COUNTY JAIL, et al.,
        Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner in Jackson, Georgia, commenced this action by filing a *pro se* civil rights complaint. (Doc. 1). Upon a review of Plaintiff's litigation history, it is apparent this case should be dismissed because Plaintiff is a three-striker who failed to pay the filing fee when initiating this suit.

Under the three strikes provision, a prisoner cannot proceed *in forma pauperis* (IFP) in a civil action if he has "on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim[.]" 28 U.S.C. § 1915(g). The statute provides a narrow exception for instances where the prisoner is

1

"under imminent danger of serious physical injury." *Id.*; *see also Dumond v. Miami Dade Police Dep't Kendall Dist.*, No. 24-11891, 2025 WL 2806691, at *1 (11th Cir. Oct. 2, 2025) ("The sole exception to the three strikes bar is where the prisoner is under imminent danger of serious physical injury") (cleaned up).

A prisoner who is ineligible to proceed IFP must pay the full filing fee when the lawsuit is filed. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). The Eleventh Circuit has explained that when the district court determines that the prisoner is ineligible to proceed *in forma pauperis* under § 1915(g), the proper procedure is for the district court to dismiss the complaint without prejudice. *Id.* According to *Dupree*, a prisoner cannot avoid dismissal by simply paying the filing fee at a later time because the filing fee is due at the time the prisoner *initiated* the suit. *Id.*; *see also Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a "prisoner must pay the full filing fee at the time he initiates suit").

The Court has reviewed Plaintiff's litigation history on the Public Access to Court Electronic Records (PACER) database. That review has revealed that Plaintiff (while a prisoner) previously filed at least three

actions or appeals in federal courts that were dismissed as frivolous or for failure to state a claim on which relief can be granted. More specifically:

- *Adan v. Ga. State Prison*, No. 5:14-cv-363-MTT-MSH (M.D. Ga. Dec. 2, 2014), (Doc. 5) (dismissing complaint as frivolous under 28 U.S.C. § 1915A(b)(1));

- *Adan v. All*, No. 1:14-CV-01274-WSD (N.D. Ga. Nov. 19, 2014), (Doc. 17) (dismissing complaint for failure to state a claim under 28 U.S.C. § 1915A); and

- *Adan v. Am. Music Rec.*, No. 5:14-cv-0274-MTT-MSH (M.D. Ga. July 29, 2014), (Doc. 4) (dismissing complaint as frivolous under 28 U.S.C. § 1915A(b)(1)).[1]

---

[1] Although Plaintiff calls himself "Saleeban Maxameth Cali" in the present action (Doc. 1 at 1), it is apparent Plaintiff is the same individual as the "Saleeban Adan" who filed the identified lawsuits in Georgia. Plaintiff identified himself by his Georgia Department of Corrections inmate number—1000439372—in both this case and the cases in Georgia. *See Adan v. Every Child.*, No. 1:24-CV-03531-WMR-RDC, 2024 WL 5700356, at *1 n.1 (N.D. Ga. Sept. 3, 2024) (noting that Saleeban Isse Adan is "also known as . . . Saleeban Maxameth Cali"), *adopted*, 2024 WL 5699956 (N.D. Ga. Nov. 4, 2024); *Ali v. Unknown*, No. 1:23-CV-5117-WMR, 2024 WL 5274645, at *1 (N.D. Ga. Jan. 19, 2024) ("[T]he Court notes that Plaintiff's prisoner number in this case—1000439372—is the exact same prisoner number for Saleeban Adan in numerous cases.").

In fact, the U.S. District Courts for both the Middle District of Georgia and the Northern District of Georgia have previously recognized Plaintiff as a three striker who is barred from proceeding IFP:

- *Adan v. Am. White Gov't*, No. 524CV00031TESCHW, 2024 WL 288988, at *1-2 (M.D. Ga. Jan. 25, 2024);

- *Saleeban v. Every Child & Every Girls & Every Boys & Every Man & Every Woman in United States*, No. 1:21-CV-1410-WMR-RDC, 2021 WL 12104826, at *1 (N.D. Ga. Apr. 14, 2021), *adopted*, 2021 WL 12104828 (N.D. Ga. May 10, 2021).

Because Plaintiff had three strikes when he commenced this case, he cannot proceed IFP and should have paid the filing fee at the time of filing. He failed to do so. The only remaining question is whether Plaintiff's factual allegations support a finding that he is "under imminent danger of serious physical injury" as required for the exception in § 1915(g) to apply. The answer to that question is no.

The § 1915(g) exception requires the complaint to allege imminent danger of serious physical injury. *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). The exception requires "specific, credible allegations of imminent-danger of serious physical harm." *Chestnut v. Leavins*, No.

4

3:21cv827, 2021 WL 3134392, at *6 (N.D. Fla. July 2, 2021) (cleaned up), *adopted,* 2021 WL 3132724 (N.D. Fla. Jully 24, 2021).  A complaint must include "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Sutton v. Dist. Atty's Office*, 334 F. App'x 278, 279 (11th Cir. 2009).

Here, Plaintiff has not provided any plausible allegations of imminent danger.  Plaintiff's complaint is riddled with nonsensical and frivolous allegations, none of which support a finding of imminent danger. Accordingly, it is respectfully **RECOMMENDED** that:

1.    This action be **DISMISSED without prejudice** because Plaintiff is not permitted to proceed *in forma pauperis,* and he failed to pay the filing fee at the time he commenced this case.

2.    The Clerk of Court be directed to close the case.

At Pensacola, Florida, this 14th day of November 2025.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

5

## <u>Notice to the Parties</u>

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.